IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> WARRIOR CAPITAL MANAGEMENT, LLC <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-32951 (DRJ) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF WESTWIND MANOR RESORT ASSOCIATION, INC., *ET AL.* APPLY TO THE <u>ABOVE-CAPTIONED CASE AND RELATED RELIEF</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE APPLYING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE APPLYING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLYING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtor ("<u>Warrior Capital</u>"), files this emergency motion (the "<u>Motion</u>") for entry of an order directing that certain orders in the chapter 11 cases jointly administered as *Westwind Manor Resort Association, Inc., et al.* (collectively, the "<u>Debtors</u>"), Case No. 19-50026 (the "<u>Warrior Case</u>") apply in the chapter 11 case of Warrior Capital and respectfully states as follows:

59217/0001-17274843v3

**PRELIMINARY STATEMENT**

1. Warrior Capital filed a voluntary chapter 11 petition on May 30, 2019 (the "Warrior Capital Petition Date"). Warrior Capital is an affiliate of the Debtors and is part of the Debtors' business enterprise. Warrior Capital respectfully requests entry of an order directing that all Orders (as defined below) in the Warrior Case are made applicable to Warrior Capital. The relief granted in the Orders is the same relief that Warrior Capital would request if it filed its own first-day motions. Warrior Capital files this Motion in order to efficiently manage the estates of the Debtors and Warrior Capital and avoid duplicative motions and hearings.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

**A.    Procedural History**

3. On March 4, 2019 (the "Petition Date"), certain of the Debtors—Westwind Manor Resort Association, Inc.; Warrior ATV Golf, LLC; Warrior Acquisitions, LLC; Warrior Golf Development, LLC; Warrior Golf Management, LLC; Warrior Golf Assets, LLC; Warrior Golf Venture, LLC; Warrior Premium Properties, LLC; Warrior Golf, LLC; and, Warrior Custom Golf, Inc. (the "Initial Debtors")—each filed a petition in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Thereafter, on April 4, 2019, Warrior Golf Equities, LLC; Warrior Golf Capital, LLC; Warrior Golf Resources, LLC; Warrior Golf Legends, LLC; and Warrior Golf Holdings, LLC (collectively, the "Debtors II" and together with the Initial Debtors, the "Debtors") each filed a petition in the Bankruptcy

2

Court seeking relief under chapter 11 of the Bankruptcy Code.[1] The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases.

4.   On March 19, 2019, the Office of the United States Trustee for the Southern District of Texas appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases pursuant to section 1102(a) of the Bankruptcy Code.[2]

5.   A detailed description of the Debtors' business and the facts precipitating the filing of the Chapter 11 Cases are set forth in the *Declaration of Jeremy Rosenthal in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 9, Case No. 19-50026-DRJ] (the "First Day Declaration"). Those facts are incorporated herein by reference.

**B.   Orders Previously Entered in the Warrior Case Prior to the Warrior Capital Petition Date**

6.   On the Petition Date, the Initial Debtors filed a number of motions (the "First Day Motions") requesting relief in order to ensure a smooth transition into chapter 11. On March 6, 2019, the Court conducted a hearing on the First Day Motions and subsequently entered orders (the "First Day Orders") in the Warrior Case, authorizing the relief requested in the First Day Motions. Thereafter, the Debtors filed motions requesting the retention of professionals and various administrative relief necessary to ensure the efficient administration of the Debtors'

---

[1] The Court previously entered the *Order Directing That Certain Orders In The Chapter 11 Cases Of Westwind Manor Resort Association, Inc., Et Al. Apply To The Above-Captioned Cases And Related Relief* [Docket No. 158], which related to the Debtors II.

[2] For the avoidance of doubt, by virtue of the *nunc pro tunc* relief requested herein, including that related to the Joint Administration Order (as such term is defined herein below), that certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 67] will apply to the chapter 2 case of Warrior Capital with the same force and effect as those of the Debtors.

3

59217/0001-17274843v3

chapter 11 cases (collectively, the "Subsequent Orders", and together with the First Day Orders, the "Orders")

    7.    More particularly, the Orders are as follows:

    a.    *Order Directing Joint Administration Of Chapter 11 Cases* [Docket No. 23] (the "Joint Administration Order");

    b.    *Order (I) Authorizing Consolidated Creditors Lists, (II) Authorizing The Extension Of The Deadline To File Schedules And Statements Of Financial Affairs, And (III) Approving The Form And Manner Of Notifying Creditors Of The Commencement Of The Chapter 11 Cases And Other Information* [Docket No. 37];

    c.    *Interim Order (I) Authorizing The Debtors To Obtain Postpetition Financing (II) Granting Security Interests And Superpriority Administrative Expense Status; (III) Modifying The Automatic Stay; (IV) Authorizing The Debtors To Enter Into Agreements With Warrior Golf Loan Investors, LLC; (V) Scheduling A Final Hearing And (VI) Granting Related Relief* [Docket No. 38];

    d.    *Interim Order Authorizing The Debtors To Honor Prepetition Obligations To Customers In The Ordinary Course Of Business* [Docket No. 34];

    e.    *Orders Authorizing The Debtors To (I) Pay Prepetition Wages, Salaries, Other Compensation, And Reimbursable Expenses, And (II) Continue Employee Benefits Programs* [Docket No. 46];

    f.    *Orders Authorizing The Debtors To (I) Continue To Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto And (III) Maintain Existing Business Forms* [Docket No. 44];

    g.    *Order (I) Approving The Debtors' Proposed Adequate Assurance Of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, Or Discontinuing Services, And (III) Approving The Debtors' Proposed Procedures For Resolving Additional Assurance Requests* [Docket No. 45];

    h.    *Order Appointing Donlin, Recano & Company, Inc. As Claims and Noticing Agent for the Debtors Pursuant To 28 U.S.C. § 156(C), Nunc Pro Tunc, to the Petition Date* [Docket No. 36];

    i.    *Interim Order Authorizing the Payment of Certain Prepetition Taxes and Fees* [Docket No. 35];

    j.    *Order Implementing Complex Chapter 11 Bankruptcy Case Treatment and Transferring Venue* [Docket No. 66];

4

k.      *Order Approving Application for Approval to the Retention and Employment of Cole Schotz P.C. as Attorneys to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 86]

l.      *Order Authorizing the Debtors to Retain and Employ Donlin, Recano & Company, Inc. as Administrative Advisor Effective as of the Petition Date* [Docket No. 87];

m.      *Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 88];

n.      *Final Order Authorizing the Payment of Certain Prepetition Taxes and Fees* [Docket No. 123];

o.      *Final Order Authorizing the Debtors to Honor Prepetition Obligations to Customers in the Ordinary Course of Business* [Docket No. 124];

p.      *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing (II) Granting Security Interest and Superpriority Administrative Expense Status; (III) Modifying the Automatic Stay (IV) Authorizing the Debtors to Enter into Agreements with Serene WG Loan Investors, LLC (V) Scheduling a Final Hearing and (VII) Granting related Relief* [Docket No. 125];

q.      *Confidentiality Agreement and Stipulated Protective Order* [Docket No 126];

r.      *Order (I) Authorizing the Debtors to (A) Employ and Retain Force Ten Partners, LLC to Provide the Debtors with a Chief Restructuring Officer, Chief Financial Officer and Additional Personnel Pursuant to 11 U.S.C. § 363 Effective as of the Petition Date; (B) Designate Jeremy Rosenthal as Chief Restructuring Officer; (C) Designate David Cottrell as Chief Financial Officer and (II) Granting Related Relief* [Docket No 127];

s.      *Order (I) Authorizing the Appointment of Independent Directors Effective as of the Petition Date; (II) Directing the Debtors to Maintain the Independent Directors and (III) Authorizing the Payment of Director Fees* [Docket No. 128]:

t.      *Order Authorizing the Filing of Affiliated Chapter 11 Petitions* [Docket No. 129];

u.      *Amended Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 151];

v.      *Order Approving the Debtors' Emergency Motion for Entry of an Order Extending the Time Within Which the Debtors May Remove Actions* [Docket No. 152];

w. *Order Directing That Certain Orders In The Chapter 11 Cases Of Westwind Manor Resort Association, Inc., Et Al. Apply To The Above-Captioned Cases And Related Relief* [Docket No. 158];

x. *Order Approving Form of Verification for the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affair* [Docket No. 167];

y. *Order Authorizing the Employment and Retention of Cozen O'Connor as Attorneys for the Official Committee of Unsecured Creditors of Westwind Manor Resort Association, Inc. et al, Nunc Pro Tunc to March 22, 2019* [Docket 179]; *and*

z. *Order Authorizing the Debtors to Enter into a Golf Course Management Agreement with Green Golf Partners, L.L.C.* [Docket No. 188];

aa. *Order Approving the Debtors' Emergency Motion for Entry of an Order Extending the Time Within Which the Debtors May Elect to Convert Certain Notes* [Docket No. 253]; and

## RELIEF REQUESTED

8. Warrior Capital is seeking entry of an order directing that (I) the Orders are made applicable to Warrior Capital, (II) that any relief granted to the Debtors in the Orders shall be applicable to Warrior Capital *nunc pro tunc* to the Warrior Capital Petition Date, and (III) amending the Joint Administration Order on a limited basis to reflect the collective joint administration of the Debtors and Warrior Capital within the caption (the "Updated Joint Administration Caption"), as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*,[1] | ) Case No. 19-50026 (DRJ) |
| Debtors. | ) Jointly Administered |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC

6

(9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets, LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); Warrior Custom Golf, Inc. (2941); Warrior Golf Equities, LLC (9803); Warrior Golf Capital, LLC (5713); Warrior Golf Resources, LLC (6619); Warrior Golf Legends, LLC (3099); Warrior Golf Holdings, LLC (2892) and Warrior Capital Management, LLC (8233).  The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.

## BASIS FOR RELIEF

**A.     Legal Standard**

9.     Bankruptcy Code section 105(a) provides, in relevant part: "The court may issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Under section 105(a), the Court has expansive equitable powers to fashion, within the boundaries of the Bankruptcy Code, any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *U.S. v. Energy Res. Co*., 495 U.S. 545, 549 (1990).

10.     Entry of an Order directing that the First Day and Subsequent Orders be made applicable to Warrior Capital will negate the need for duplicative notices, motions, applications, hearings, and orders to be filed in the Warrior Case.  Warrior Capital simply seeks to save considerable time and expense for its estate, its creditors, and other parties in interest.  Warrior Capital requires the protections and authorizations that are set forth in the Orders to enter chapter 11 in an orderly manner.  The relief granted in the Orders addresses many of the "first day" and other initial and administrative matters that most debtors must handle in a chapter 11 bankruptcy and that similarly apply to Warrior Capital.  In addition, no material modifications to the orders are required, such as increasing deposits or other amounts.

11.     Had Warrior Capital commenced its case at the same time as the original Debtors did, it would have been a movant with respect to all of the Orders.  Warrior Capital believes that the requested relief is appropriate to carry out the provisions of the Bankruptcy Code.  Similar

7

motions and procedures have been authorized in other complex chapter 11 cases, including in this district. *See e.g., In re NEC Beaumont Emergency Center, LP*, Case No. 18-34031 (MI) (Bankr. S.D. Tex. 2018) [Docket No. 4]; *In re Tribune Company, et al.,* Case No. 08-13141 (Bankr. D. Del. 2009) [Docket No. 2333]; *In re Lehman Brothers Holdings, Inc.,* Case No. 08-13555 (Bankr. S.D.N.Y. 2009) [Docket No. 2929].

12.   Warrior Capital submits that the relief requested is in the best interests of the Debtors, Warrior Capital, its estate, creditors, and other parties in interest and should therefore be granted.

## NOTICE

13.   Warrior Capital will provide notice of this Motion to the following parties or their respective counsel (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) counsel for the lender under the Debtors' debtor-in-possession financing facility, Arent Fox LLP, Attn: Beth Brownstein, 1301 Avenue of the Americas, 42nd Fl., New York, NY 10019-6040 Beth.brownstein@arentfox.com; (d)  the lender under the Debtors' debtor-in-possession financing facility, Attn: Adam Phillips, Serene WG Loan Investors, LLC, 1121 40th Street Apt. 1401; Emeryville, CA 94608; (f) any statutory committee appointed in these cases; (f) all known secured creditors; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the offices of the attorneys general for the states in which the Debtors operate;  (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 in the Warrior Case.  Warrior Capital submits that, in light of the nature of the relief requested, no other or further notice need be given.

8

**WHEREFORE,** Warrior Capital respectfully requests that this Court enter an Order (I) the Orders are made applicable to Warrior Capital, (II) that any relief granted to the Debtors in the First and Subsequent Orders shall be applicable to Warrior Capital *nunc pro tunc* to the Warrior Capital Petition Date, (III) amending the Joint Administration Order on a limited basis to reflect the collective joint administration of the Debtors and Warrior Capital by approving the Updated Joint Administration Caption; and (IV) for such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  May 30, 2019                                              Respectfully submitted,

By: */s/ Michael D. Warner*_____
Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
**COLE SCHOTZ P.C.**
301 Commerce Street, Suite 1700
Ft. Worth, TX 76102
(817) 810-5250
(817) 810-5255 (fax)
mwarner@coleschotz.com
bwallen@coleschotz.com

*Counsel for the Debtors and Warrior Capital*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WARRIOR CAPITAL MANAGEMENT, LLC ) | Case No. 19-32951 (DRJ) |
| ) | |
| Debtor. ) | |

## ORDER DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF WESTWIND MANOR RESORT ASSOCIATION, INC., *ET AL.* APPLY TO THE ABOVE-CAPTIONED CASE AND RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession ("Warrior Capital") for entry of an Order (this "Order"), making all of the Orders applicable to Warrior Capital *nunc pro tunc* to the Warrior Capital Petition Date and amending the Joint Administration Order for the limited purpose of approving the use of the Updated Joint Administration Caption rather than the caption contained therein, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate of Warrior Capital, its creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

59217/0001-17274843v3

1. The Motion is **GRANTED**.

2. The following orders entered in the Warrior Case are hereby made applicable to Warrior Capital as if Warrior Capital was a debtor as defined and referred to in the following orders entered by the Court in the Warrior Case:

    a. *Order Directing Joint Administration Of Chapter 11 Cases* [Docket No. 23] (the "Joint Administration Order");

    b. *Order (I) Authorizing Consolidated Creditors Lists, (II) Authorizing The Extension Of The Deadline To File Schedules And Statements Of Financial Affairs, And (III) Approving The Form And Manner Of Notifying Creditors Of The Commencement Of The Chapter 11 Cases And Other Information* [Docket No. 37];

    c. *Interim Order (I) Authorizing The Debtors To Obtain Postpetition Financing (II) Granting Security Interests And Superpriority Administrative Expense Status; (III) Modifying The Automatic Stay; (IV) Authorizing The Debtors To Enter Into Agreements With Warrior Golf Loan Investors, LLC; (V) Scheduling A Final Hearing And (VI) Granting Related Relief* [Docket No. 38];

    d. *Interim Order Authorizing The Debtors To Honor Prepetition Obligations To Customers In The Ordinary Course Of Business* [Docket No. 34];

    e. *Orders Authorizing The Debtors To (I) Pay Prepetition Wages, Salaries, Other Compensation, And Reimbursable Expenses, And (II) Continue Employee Benefits Programs* [Docket No. 46];

    f. *Orders Authorizing The Debtors To (I) Continue To Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto And (III) Maintain Existing Business Forms* [Docket No. 44];

    g. *Order (I) Approving The Debtors' Proposed Adequate Assurance Of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, Or Discontinuing Services, And (III) Approving The Debtors' Proposed Procedures For Resolving Additional Assurance Requests* [Docket No. 45];

    h. *Order Appointing Donlin, Recano & Company, Inc. As Claims And Noticing Agent For The Debtors Pursuant To 28 U.S.C. § 156(C), Nunc Pro Tunc, To The Petition Date* [Docket No. 36];

    i. *Interim Order Authorizing the Payment of Certain Prepetition Taxes and Fees* [Docket No. 35];

j.  *Order Implementing Complex Chapter 11 Bankruptcy Case Treatment and Transferring Venue* [Docket No. 66];

k.  *Order Approving Application for Approval to the Retention and Employment of Cole Schotz P.C. as Attorneys to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 86]

l.  *Order Authorizing the Debtors to Retain and Employ Donlin, Recano & Company, Inc. as Administrative Advisor Effective as of the Petition Date* [Docket No. 87];

m.  *Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 88];

n.  *Final Order Authorizing the Payment of Certain Prepetition Taxes and Fees* [Docket No. 123];

o.  *Final Order Authorizing the Debtors to Honor Prepetition Obligations to Customers in the Ordinary Course of Business* [Docket No. 124];

p.  *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing (II) Granting Security Interest and Superpriority Administrative Expense Status; (III) Modifying the Automatic Stay (IV) Authorizing the Debtors to Enter into Agreements with Serene WG Loan Investors, LLC (V) Scheduling a Final Hearing and (VII) Granting related Relief* [Docket No. 125];

q.  *Confidentiality Agreement and Stipulated Protective Order* [Docket No 126];

r.  *Order (I) Authorizing the Debtors to (A) Employ and Retain Force Ten Partners, LLC to Provide the Debtors with a Chief Restructuring Officer, Chief Financial Officer and Additional Personnel Pursuant to 11 U.S.C. § 363 Effective as of the Petition Date; (B) Designate Jeremy Rosenthal as Chief Restructuring Officer; (C) Designate David Cottrell as Chief Financial Officer and (II) Granting Related Relief* [Docket No 127];

s.  *Order (I) Authorizing the Appointment of Independent Directors Effective as of the Petition Date; (II) Directing the Debtors to Maintain the Independent Directors and (III) Authorizing the Payment of Director Fees* [Docket No. 128]:

t.  *Order Authorizing the Filing of Affiliated Chapter 11 Petitions* [Docket No. 129];

u.  *Amended Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 151];

3

v. *Order Approving the Debtors' Emergency Motion for Entry of an Order Extending the Time Within Which the Debtors May Remove Actions* [Docket No. 152];

w. *Order Directing That Certain Orders In The Chapter 11 Cases Of Westwind Manor Resort Association, Inc., Et Al. Apply To The Above-Captioned Cases And Related Relief* [Docket No. 158];

x. *Order Approving Form of Verification for the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affair* [Docket No. 167];

y. *Order Authorizing the Employment and Retention of Cozen O'Connor as Attorneys for the Official Committee of Unsecured Creditors of Westwind Manor Resort Association, Inc. et al, Nunc Pro Tunc to March 22, 2019* [Docket 179]*; and*

z. *Order Authorizing the Debtors to Enter into a Golf Course Management Agreement with Green Golf Partners, L.L.C.* [Docket No. 188];

aa. *Order Approving the Debtors' Emergency Motion for Entry of an Order Extending the Time Within Which the Debtors May Elect to Convert Certain Notes* [Docket No. 253]; and

3. Additionally, notwithstanding the terms of the Joint Administration Order, such Order shall be amended for the limited purpose of updating the caption to reflect the joint administration of the Debtors and Warrior Capital cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*,[1] | Case No. 19-50026 (DRJ) |
| Debtors. | Jointly Administered |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets, LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); Warrior Custom Golf, Inc. (2941); Warrior Golf Equities, LLC (9803); Warrior Golf Capital, LLC (5713); Warrior Golf Resources, LLC (6619); Warrior Golf Legends, LLC (3099); Warrior Golf Holdings, LLC (2892) and

4

Warrior Capital Management, LLC (8233).  The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.
.

4. Any relief granted to the original Debtors in the Orders shall be applicable to Warrior Capital *nunc pro tunc* to the Warrior Capital Petition Date.

5. The *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 67] shall apply to the chapter 11 case of Warrior Capital with the same force and effect as those of the Debtors.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7. No later than three (3) business days after the date of this Order, Warrior Capital shall serve a copy of this Order on the Notice Parties.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2019

                          THE HONORABLE DAVID R. JONES
                          CHIEF UNITED STATES BANKRUPTCY JUDGE